IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED
ASHEVILLE, N.C.
AUG 3 2011
U.S. DISTRICT COURT
W. DIST. OF N.C.

| | |
|---|---|
| EAGLES NEST OUTFITTERS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:10-cv-236-MR |
| GRAND TRUNK, INC., | ) Hon. Martin Reidinger |
| Defendant. | ) |

## CONSENT JUDGMENT ORDER

WHEREAS, Plaintiff filed this lawsuit alleging, among other things, that United States Design Patents Nos. D551,891 S and D589,735 S (collectively "Patents in Suit") owned by Defendant are invalid and not infringed by the Plaintiff's Drop Zone product, and that Defendant does not have any valid trade dress rights in its Parasheet and All Terrain Hybrid Shelter products; and

WHEREAS, Defendant denied the allegations against it and asserted counterclaims alleging that Plaintiff has infringed the Patents in Suit, that Plaintiff has violated Defendant's trade dress rights, and that Plaintiff's actions constituted unfair and deceptive trade practices; and

WHEREAS, Plaintiff and Defendant wish to avoid the uncertainties and expenses of additional litigation over their claims, counterclaims, and defenses in this case; and

WHEREAS, Plaintiff and Defendant, with the advice of their respective counsel, have agreed to resolve and settle the claims, counterclaims and defenses at issue in this lawsuit on mutually-agreed to terms set forth below.

WHEREFORE, THE COURT HEREBY ORDERS, with the informed consent of the Plaintiff and Defendant, and the Court having been fully appraised of the issues, that the following terms shall govern the settlement of the Plaintiff and Defendant in this lawsuit, and the following terms shall, by the Order of this Court, govern in all respects the parties' rights and obligations with respect to the subject matter of this lawsuit; and accordingly, THE COURT HEREBY ENTERS THE FOLLOWING CONSENT JUDGMENT ORDER.

## DEFINITIONS

The term "Plaintiff" means the named Plaintiff in this lawsuit, Eagles Nest Outfitters, Inc., and all of its divisions, departments, subsidiaries, parent companies, entities owned or controlled by any of them, all of their affiliates, assigns, predecessors in interest, successors in interest, and all of their respective officers, agents, employees and representatives.

The term "Defendant" means the named Defendant in this lawsuit, Grand Trunk, Inc. and The Travel Hammock, Inc. d/b/a Grand Trunk Inc., and all of its divisions, departments, subsidiaries, parent companies, entities owned or controlled by any of them, all of their affiliates, assigns, predecessors in interest, successors in interest, and all of their respective officers, agents, employees and representatives.

The term "Patents in Suit" means both United States Design Patent No. D551,891 S, issued October 2, 2007, and entitled "Combined Hammock, Blanket, and Sheet with Integral Stuff Sack," and United States Design Patent No. D589,735 S, issued April 7, 2009, and entitled "Multipurpose Sheet."

The term "Drop Zone Product" means the product sold, offered for sale, manufactured, used, promoted, advertised and/or imported or distributed by Plaintiff under the name "Drop Zone" (as exemplified by the attached Exhibit A).

## TERMS OF SETTLEMENT AND CONSENT JUDGMENT ORDER

The following terms have been agreed to by the Plaintiff and Defendant and shall govern the settlement of this lawsuit and the rights and obligations of the Plaintiff and Defendant.

1. This case arises under the patent laws of the United States, Title 35 of the United States Code, and includes claims for violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), and claims for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 71-1.1 et seq.

2. The Court has jurisdiction over the parties and subject matter of this action.

3. Defendant warrants and represents that Defendant holds all right, title and interest to the Patents in Suit and has standing to sue for the enforcement of those rights.

4. Within sixty (60) days of the entry of this Order, Plaintiff, together with all those persons who have been or are acting in concert or participation with any of them, shall cease and desist from selling, offering for sale, manufacturing, using, promoting, advertising and/or importing or distributing the Drop Zone Product.

5. After sixty (60) days of the entry of this Order, Plaintiff, together with all those persons who have been or are acting in concert or participation with any of them, are hereby enjoined for the lives of the Patents in Suit from manufacturing, using, selling, offering for sale, promoting, distributing, displaying in any medium or otherwise disposing of in any manner in the United States and its territories and possessions and from importing or causing importation into the United States the Drop Zone Product.

6. Defendant expressly reserves all of its rights against any other infringers of the Patents in Suit for any and all existing and future products that may hereafter be imported, manufactured, purchased, used, offered for sale or sold by others. Nothing in this Order (or the doctrines of merger, bar, res judicata or collateral estoppel) shall be construed as prohibiting Plaintiff from taking any subsequent legal action against Defendant if Defendant subsequently (directly or indirectly) makes, uses, offers for sale, sells or imports any product under a name other than Drop Zone that has substantially the same design or structure as the Drop Zone Product or that is covered by one or more claims of the Patents in Suit.

7. All parties shall bear their own costs and attorneys' fees.

8. The Court retains jurisdiction over the parties for the purpose of enforcing this Order and any action relating to the enforcement of this Order.

9. This action, and all claims, defenses and counterclaims that were or could have been brought in this Court by any of the parties based on acts, transactions or occurrences that have occurred before the date of entry of this Order are hereby dismissed with prejudice.

SO ORDERED:

Dated: ~~July~~ August 3, 2011

_____
HON. MARTIN REIDINGER
UNITED STATES DISTRICT JUDGE

AGREED TO AND ACCEPTED BY:

_____
Brady J. Fulton
NORTHUP, McCONNELL & SIZEMORE
123 Biltmore Avenue
Asheville, NC 28801
(828) 232-4481

Attorney for Defendant
The Travel Hammock, Inc.
d/b/a Grand Trunk Inc.,

_____
Albert P. Allan
ALLAN IP LITIGATION
409 East Boulevard, Suite 201
Charlotte, NC 28203
(704) 371-5605

Attorney for Plaintiff
Eagles Nest Outfitters, Inc.



eno
eagles nest outfitters, inc.

relax...

shopping cart
customer service
checkout now

Get Our Newsletter! [GO]

shop.eno  eno,inc  products  services  photos  contact  blog

follow us: facebook twitter

 Like



DropZone



**placeyourorderhere**

Price: $44.95

1. color/size info:
Charcoal / Royal

2. choose quantity [1]

ADD TO SHOPPING CART

Like    Tweet  0

**productinfo**

Weight: 18oz
Dimensions: 7'8" x 6'

High Strength & Breathable Woven Nylon 



availablecolors



EXHIBIT
A

## product photos



view more photos

| | Corner Sandbag Pockets & Stake Out Loops |  |
| | Zippered Corner Stash Pocket |  |
| | Attached Stuff Sack |  |

### Feel the rhythm and relax.

A comfortable and portable platform for trips to the beach, music festivals, or lunch in the park.

Stake your claim and relax in style. The corner Sandbag pockets and stake out loops keep the blanket where it belongs.

Its soft nylon packs down small when its time to go.

## related products

| | Relay | more info |
| | Grocery Getter | more info |
| | DryFly Rain Tarp | more info |
| | Guardian BugNet | more info |
| | Possum Pocket | more info |
| | Twilights | more info |